UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

SHEN YI, LLC, a New Mexico Limited Liability Company,
as Trustee of the 1970 Hidden Lake Dr I.V. Trust Under
Agreement dated August 25, 2011,

      Plaintiff,

Case No. 2:21-cv-00066-NPM

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Trustee, in Trust for the Registered Holders of Morgan
Stanley ABS Capital I Inc. Trust 2006-HE8, Mortgage
Pass-Through Certificates, Series 2006-HE8,

      Defendant.
_____/

## MOTION TO CONSOLIDATE SANCTIONS MOTIONS

Lee Segal, a/k/a Lior Segal ("Segal"), and Segal & Schuh Law Group, P.L. ("PL"), by and through Fed.R.Civ.P. 42(a), move this Court for an order consolidating the many motions for sanctions that have been filed against them by Defendant, Deutsche Bank National Trust Company ("DBNTC") and The Bank of New York Mellon ("BONYM") in this Court, and would show:

    1.    On April 21, 2021, Defendant filed its Motion for Sanctions and Attorney's Fees ("Motion for Sanctions" or "the Motion") against Segal and PL in this action.

    2.    In so moving, Defendant seeks an award of attorney's fees and costs in this case in an amount approximating $45,000.[1]  With limited exceptions, however, the basis of the Motion is not conduct alleged to have been committed *in this case*, but conduct attributed to Segal and PL in *other* cases.

---

[1] As this Court assesses this fee request, it should note how little litigation took place in this action before the parties stipulated to a dismissal.

*EXHIBIT A*
*4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK*

3. Essentially, the gravamen of the Motion is not "punish Segal for what he did in this case," but "punish Segal for what a bad guy he has been in all of these other cases."

4. As Segal and PL will explain in their response to the Motion, Defendant's position is wholly without merit. That said, in the process of preparing a response, some critical problems have come to light that should be addressed before any of the motions are adjudicated.

5. First, Defendant and BONYM have filed virtually identical motions, against Segal and PL, not just in this action, but in several, other lawsuits, as more particularly identified in the Notice of Related Cases being filed contemporaneously herewith. Each such motion contains the exact same factual basis, alleging an entitlement to sanctions not for conduct in that particular case, but in other lawsuits. In fact, each such motion is either a complete "cut and paste" or close to it.

6. For example, Defendant identifies what it calls "test cases" in which Segal was counsel for Jimmy Aviram against BONYM, Stearns Bank, and Synovus Bank. As DBNTC would have it, Segal dismissed the lawsuits against Stearns Bank and Synovus Bank when counsel appeared for these defendants because Segal was unwilling to litigate on the merits.

7. As Segal will show in Response to the Motion, that assertion is not only false, it is interposed with reckless disregard for the truth by attorneys/parties who have no personal knowledge of the underlying facts. Regardless, if this Court ultimately disagrees, and concludes Segal did something wrong in representing Mr. Aviram against BONYM, Stearns Bank, and/or Synovus Bank, a critical question arises: how many times should he sanctioned for doing so?

8. Using this same example, even if Segal were to have done something wrong in filing or prosecuting a lawsuit for Mr. Aviram against BONYM, any sanction against him should only be imposed *in that case*. Yet, as Defendant would have it, any misconduct by Segal in Mr. Aviram's lawsuit against BONYM would justify a fee award not only in that case, but in this case

EXHIBIT A
4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK

and many other lawsuits – essentially, every case where DBNTC or BONYM have filed a motion. Clearly, that is wrong. If Segal did something deserving of sanctions in filing/prosecuting a suit for Mr. Aviram against BONYM, then that should be a basis for one sanction, in that case, not every case.

9. To ensure Segal and PL are not punished multiple times for the same conduct, the motions for sanctions filed against them by BONYM and DBNTC should all be heard by the same judge.

10. The way DBNTC and BONYM have filed these motions before different judges reveals another critical problem – the possibility of inconsistent results.

11. Again, the basis of each motion is the same. Virtually every motion for sanctions filed by BONYM and DBNTC is a "cut and paste," or some variation thereof, with the same arguments being made in each. As such, there can be little doubt that the result should not differ from motion to motion or case to case.

12. Yet the way DBNTC and BONYM have filed these motions – in multiple cases, before judges who ruled in their favor on the underlying service issue previously – they are clearly hoping to find one judge willing to impose a sanction, even if others do not.

13. Avoiding inconsistent rulings on the same facts is one of the most basic reasons for consolidation. See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985). Yet Defendant's approach (in filing the same motion for sanctions on the same facts before different judges) creates the possibility of inconsistent results on the same facts.

14. Judicial economy also favors consolidation. Quite simply, these motions for sanctions need not and should not be adjudicated by multiple judges where they can be resolved

by the same judge. This is particularly so if the motions wind up necessitating an evidentiary hearing.

15. In sum, there are three reasons why all motions for sanctions filed in this Court by DBNTC and BONYM must be consolidated and heard before the same judge. First, this is necessary to prevent inconsistent rulings on the same facts. Second, this is necessary to ensure Segal and PL are not punished for the same conduct twice. Third, interests of judicial economy are served by these motions being resolved by the same judge.

16. Segal and PL are filing this motion in the instant case because that is the first motion for sanctions filed by DBNTC or BONYM. Their understanding of the law is that consolidation should take place by the later-filed motions being consolidated into the case where the first such motion was filed, and that is this case. This Court should rule accordingly.

17. In light hereof, this Court should consolidate the Motion for Sanctions in this case with all other motions for sanctions filed against Segal by DBNTC and BONYM in this Court, as set forth on the Exhibit "A" to this Motion, which will be supplemented as additional motions are filed by the Defendants. Additionally, this Court should consolidate these motions with any other motions that DBNTC or BONYM may file in the future.[2]

WHEREFORE Segal and PL respectfully request relief in accordance with the foregoing.

---

[2] Segal and PL are filing this Motion to Consolidate in this case. In any other case in the Middle District in which sanctions are sought, Segal and PL are filing this motion as an attachment to a Notice of Filing, thereby alerting the judge in that case to the pendency of this motion.

*EXHIBIT A*
*4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK*

4

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that I conferred with Joseph Kohn, Esquire on May 20, 2021 in a good-faith effort to resolve this dispute. This effort proved unsuccessful.

Respectfully submitted,

*/s/ Lior Segal*_____
Lior Segal, Esquire (FBN 37837)
**Segal & Schuh Law Group, P.L.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via this Court's CM-ECF system to Defendant's counsel on this 28st day of May, 2021.

Respectfully submitted,

*/s/ Lior Segal*_____
Lior Segal, Esquire (FBN 37837)
**Segal & Schuh Law Group, P.L.**
18167 U.S. Highway 19 North, Suite 100
Clearwater, Florida 33764
Tel: (727) 824-5775 Fax: (877) 636-7408
lee@Segalschuh.com (Attorney)
marie@segalschuh.com (Florida Registered Paralegal)

*EXHIBIT A*
4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| SHEN YI, LLC, a New Mexico Limited Liability Company, as Trustee of the 1970 Hidden Lake Dr., L.V. Trust Under Agreement Dated August 25, 2011,<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, in Trust for the Registered Holders of Morgan Stanley ABS Capital I Inc., Trust 2006-HE8, Mortgage Pass-Through Certificates, Series 2006 HE8, et.al.,<br><br>Defendant(s). | <u>CASE NO.: 2:21-CV-000066 - NPM</u> |

**PLAINTIFF'S EXHIBIT "A" LIST OF CASES WHERE MOTIONS FOR FEES AND SANCTIOS ARE PENDING**

| CASES FOR CONSIDERATION OF CONSOLIDATION ||||
|---|---|---|---|
| **Client** | **Defendant** | **District** | **Case** |
| Richard Decoursy | Deutsche Bank National Trust Company, Trustee for Residential Asset Securitization Trust | MIDDLE | 8:21-cv-00630-WFJ-JSS |

*EXHIBIT A*
*4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK*

| | | | |
|---|---|---|---|
| | Series, 2003-A10, Mortgage Pass-Through Certificates, Series 2003 J | | |
| BCP Management, LLC as Trustee for 11717 81st Place Trust | Deutsche Bank National Trust Company, as Trustee, on Behalf of the Registered Holders of GSAMP Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-HE3 | MIDDLE | 8:21-cv-00276-AAS |
| Jason Hebert | Deutsche Bank National Trust Company, as Trustee, on Behalf of the Certificate-Holders of the FFMLT Trust 2006-FF13, Mortgage Pass-Through Certificates, Series 2006-FF13 | MIDDLE | 8:21-cv-00626-SPF |
| George Weber, as Co-Trustee of the 10703 Beagle Run Place Land Trust, dated 12/30/11 | Deutsche Bank National Trust Company, as Trustee, on Behalf of the Holders of the IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-4 | MIDDLE | 3:21-cv-00102-TJC-MJR |
| Tammy Kenny | Deutsche Bank National Trust Company | MIDDLE | 2:21-cv-00009-SPC-NPM |
| Shen Yi, LLC | Deutsche Bank National Trust Company, as Trustee in Trust for the Registered holders of Morgan Stanley ABS Capital I Inc., Trust 2006-HE8, | MIDDLE | 2:21-cv-00066-NPM |

*EXHIBIT A*
*4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK*

| | Mortgage Pass-Through | | |
|---|---|---|---|
| Quest Systems, LLC | Deutsche Bank National Trust Company, as Trustee for the American Home Mortgage Assets Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 | MIDDLE | 2:21-cv-00040-SPC-NPM |
| Gossamer Wing, LLC | The Bank of New York Mellon, as Trustee for the Certificate-Holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-2, f/k/a The Bank of New York | MIDDLE | 8:21-cv-00624-WFJ-AE |

EXHIBIT A
*4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEN YI, LLC, a New Mexico Limited Liability Company, as Trustee of the 1970 Hidden Lake Dr., L.V. Trust Under Agreement Dated August 25, 2011,

    Plaintiff,

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, in Trust for the Registered Holders of Morgan Stanley ABS Capital I Inc., Trust 2006-HE8, Mortgage Pass-Through Certificates, Series 2006 HE8, et.al.,

    Defendant(s).

CASE NO.:  2:21-CV-000066 - NPM

**PLAINTIFF'S AMENDED EXHIBIT "A"**

| CASES FOR CONSIDERATION OF CONSOLIDATION | | | |
|---|---|---|---|
| **Client** | **Defendant** | **District** | **Case** |
| Richard Decoursy | Deutsche Bank National Trust Company, Trustee for Residential Asset Securitization Trust Series, 2003-A10, Mortgage Pass- | MIDDLE | 8:21-cv-00630-WFJ-JSS |

*EXHIBIT A*
*4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK*

| | Through Certificates, Series 2003 J | | |
|---|---|---|---|
| BCP Management, LLC, as Trustee for 11717 81st Place Trust | Deutsche Bank National Trust Company, as Trustee, on Behalf of the Registered Holders of GSAMP Trust 2005-HE3, Mortgage Pass-Through Certificates, Series 2005-HE3 | MIDDLE | 8:21-cv-00276-AAS |
| Jason Hebert | Deutsche Bank National Trust Company, as Trustee, on Behalf of the Certificate-Holders of the FFMLT Trust 2006-FF13, Mortgage Pass-Through Certificates, Series 2006-FF13 | MIDDLE | 8:21-cv-00626-SPF |
| George Weber, as Co-Trustee of the 10703 Beagle Run Place Land Trust, dated 12/30/11 | Deutsche Bank National Trust Company, as Trustee, on Behalf of the Holders of the IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-4 | MIDDLE | 3:21-cv-00102-TJC-MJR |
| Tammy Kenny | Deutsche Bank National Trust Company | MIDDLE | 2:21-cv-00009-SPC-NPM |
| Shen Yi, LLC | Deutsche Bank National Trust Company, as Trustee in Trust for the Registered holders of Morgan Stanley ABS Capital I Inc., Trust 2006-HE8, | MIDDLE | 2:21-cv-00066-NPM |

EXHIBIT A
*4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK*

| | | | |
|---|---|---|---|
| | Mortgage Pass-Through | | |
| Quest Systems, LLC | Deutsche Bank National Trust Company, as Trustee for the American Home Mortgage Assets Trust 2006-2, Mortgage Pass-Through Certificates, Series 2006-2 | MIDDLE | 2:21-cv-00040-SPC-NPM |
| Gossamer Wing, LLC | The Bank of New York Mellon, as Trustee for the Certificate-Holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-2, f/k/a The Bank of New York | MIDDLE | 8:21-cv-00624-WFJ-AE |
| Hahn | Deutsche Bank National Trust Company | MIDDLE | 8:21-cv-00039-WFJ-TGW |
| BCP Management, LLC, as Trustee for the 18522 Sunward Lake Land Trust | Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Home Equity Loan Trust, Series 2006-3 | NORTHERN | 5:21-cv-00017-AW-MJF |
| George Weber, as Trustee of the 12321 Adventure Dr Land Trust | Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-B, Asset-Backed Pass-Through Certificates | MIDDLE | 2:21-cv-00039-SPC-NPM |
| Centurion Systems, LLC | The Bank of New York Mellon | MIDDLE | 8:21-cv-00726-SDM-AAS |
| Decoursy | Deutsche Bank National Trust Company | MIDDLE | 8:21-cv-00477-SCB-CPT |

EXHIBIT A
*4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK*

| | | | |
|---|---|---|---|
| 15141 Willowdale Land Trust | Deutsche Bank National Trust Company | MIDDLE | 3:21-cv-00460-BJD-JRK |
| Market Tampa Investments, LLC | Deutsche Bank National Trust Company, as Trustee for Novastar Mortgage Funding Trust, Series 2007-1, Novastar Home Equity Loan Asset-Backed Certificates, Series 2007-1 | MIDDLE | 2:21-cv-00037-SPC-NPM |
| 2950 Summer Swan Land Trust | Deutsche Bank National Trust Company | MIDDLE | 2:21-cv-00042-SPC-NPM |
| Inland Assets, LLC, as Trustee of 4417 Rudder Way Land Trust | Deutsche Bank National Trust Company | MIDDLE | 3:21-cv-00040-TJC-JRK |

*EXHIBIT A*
*4417 Rudder Way Land Trust v Deutsche Bank / Case No.: 3:21-cv-00040-TJC-JRK*